# In re Patryk Michal ADAMIAK, Respondent

File A27 253 715 - Cleveland

*Decided February 8, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A conviction vacated pursuant to section 2943.031 of the Ohio Revised Code for failure of the trial court to advise the alien defendant of the possible immigration consequences of a guilty plea is no longer a valid conviction for immigration purposes.

FOR RESPONDENT:  Margaret W. Wong, Esquire, Cleveland, Ohio

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Victoria A. Christian, Deputy Chief Counsel

BEFORE: Board Panel: HOLMES, HURWITZ, and MILLER, Board Members.

HOLMES, Board Member:

In a decision dated May 11, 2004, an Immigration Judge found the respondent ineligible for cancellation of removal as an alien convicted of an aggravated felony and ordered him removed from the United States.  The respondent has appealed from that decision.  The appeal will be sustained and the record will be remanded for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a lawful permanent resident who was charged with removability as an alien convicted of an aggravated felony based on his September 1997 guilty plea to a drug trafficking offense in violation of section 2925.03 of the Ohio Revised Code.  During the course of the immigration proceedings, the respondent filed a motion with the Cuyahoga County Court of Common Pleas requesting that he be permitted to withdraw his guilty plea and that his conviction be vacated as a result of the court's failure to comply with section 2943.031 of the Ohio Revised Code, under which a court is required to give an "advisement" with respect to the potential immigration consequences of a guilty plea.  In October 2002, the trial court granted the respondent's motion, permitted withdrawal of his guilty plea, and scheduled a new trial date in his case.

On November 26, 2002, an Immigration Judge ruled that the Ohio court's order vacating the respondent's drug trafficking conviction had no effect for immigration purposes under the definition of a conviction provided at section 101(a)(48) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48) (2000), and she found the respondent removable as charged. At a subsequent hearing held on May 11, 2004, a newly assigned Immigration Judge deferred to the earlier determination that the respondent's 1997 aggravated felony conviction remained in effect for immigration purposes. The Immigration Judge further concluded that the respondent's conviction precluded him from establishing eligibility for cancellation of removal and ordered him removed.

In its brief on appeal, the Department of Homeland Security ("DHS") notes that Immigration Judges have issued inconsistent decisions on whether a conviction vacated under section 2943.031 of the Ohio Revised Code should be recognized for immigration purposes. For the reasons indicated below, we agree with the respondent that the conviction based on his September 1997 guilty plea has been vacated as a result of a defect in the underlying proceedings and should no longer be considered a conviction for immigration purposes.

## II. ANALYSIS

In our decisions addressing the effect of State court orders vacating convictions, we have distinguished between situations in which a conviction is vacated based on post-conviction events, such as rehabilitation, and those in which a conviction is vacated because of a defect in the underlying criminal proceedings. *See Matter of Pickering*, 23 I&N Dec. 621, 624 (BIA 2003) (concluding that in light of the language and legislative purpose of the definition of a "conviction" at section 101(a)(48) of the Act, "there is a significant distinction between convictions vacated on the basis of a procedural or substantive defect in the underlying proceedings and those vacated because of post-conviction events, such as rehabilitation or immigration hardships"); *see also Matter of Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000) (according full faith and credit to a New York court's vacation of a conviction under a statute that was neither an expungement nor a rehabilitative statute).

The Ohio court's order permitting withdrawal of the respondent's guilty plea is based on a defect in the underlying proceedings, i.e., the failure of the court to advise the respondent of the possible immigration consequences of his guilty plea, as required by Ohio law. To remedy the defect in the original proceedings, the trial court ordered that the respondent be afforded a new trial on the underlying drug trafficking charge. Under these circumstances, we find that the Ohio court's vacation of the respondent's conviction should be

recognized in immigration proceedings. In the absence of a statutory directive to the contrary, we are required by 28 U.S.C. § 1738 (2000) to give full faith and credit to this State court judgment.

To the extent that the DHS relies on *Renteria-Gonzalez v. INS*, 322 F.3d 804, 812-13 (5th Cir. 2002), our decisions in *Matter of Pickering*, *supra*, and *Matter of Rodriguez-Ruiz*, *supra*, make clear that we do not share the view of the United States Court of Appeals for the Fifth Circuit on this matter. The Sixth Circuit, in whose jurisdiction this proceeding arises, has not adopted the Fifth Circuit's approach in *Renteria-Gonzalez*. Moreover, the Government recently stated its view in a case arising within the Fifth Circuit that "the Board's opinion in [*Matter of*] *Pickering* constitutes a permissible construction of the statute because it comprehensively addresses the effect of a vacated conviction." *Discipio v. Ashcroft*, 417 F.3d 448, 450 (5th Cir. 2005). Consequently, the court in *Discipio* granted the Government's request to remand the case to the Board for termination of removal proceedings based on the vacation of the respondent's conviction because of procedural defects in the underlying criminal proceedings. *See also Pinho v. Gonzales*, 432 F.3d 193, 195 (3d Cir. 2005) (approving the Board's distinction between "convictions vacated for rehabilitative purposes and those vacated because of underlying defects in the criminal proceedings"), and cases cited therein.

The remaining issue is whether subsequent developments in the respondent's criminal case, including his November 2002 drug trafficking conviction, indicate that he nonetheless remains convicted of an aggravated felony drug offense and is therefore ineligible for cancellation of removal.[1]

Among other arguments, the respondent asserts that the record of conviction for his November 2002 drug trafficking conviction does not establish that he sold or offered to sell cocaine for profit or any other benefit. Our limited review authority precludes us from engaging in fact-finding in the course of deciding appeals. 8 C.F.R. § 1003.1(d)(3)(iv) (2005). As the November 2002 record of conviction has not yet been examined by the Immigration Court, we will remand the record for a determination whether the respondent's subsequent conviction is for an aggravated felony within the meaning of section 101(a)(43)(B) of the Act.[2]

---

[1] The question whether the subsequent conviction based on a guilty plea to an amended indictment would be an aggravated felony was raised and preserved for appeal at the May 11, 2004, Immigration Court hearing.

[2] A number of decisions of the Sixth Circuit issued subsequent to the Immigration Judge's decision in this case may be relevant to whether the respondent's current conviction is for an aggravated felony. *See, e.g., United States v. Palacios-Suarez*, 418 F.3d 692 (6th Cir. 2005) (indicating that the court will follow the hypothetical Federal felony approach in

## III.  CONCLUSION

The respondent's September 1997 conviction was vacated by the trial court pursuant to section 2943.031 of the Ohio Revised Code because of a defect in the underlying criminal proceedings, i.e., the failure of the court to advise him of the possible immigration consequences of his guilty plea.  We conclude that the court's vacation of that conviction should be recognized for immigration purposes, and we no longer consider the conviction to be valid.  The record will be remanded for further consideration of the respondent's November 2002 conviction.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The record remanded to the Immigration Court for further proceedings consistent with this opinion and for the entry of a new decision.

---

applying section 101(a)(43)(B) in immigration cases); *Garcia-Echaverria v. United States*, 376 F.3d 507, 513-14 (6th Cir. 2004) (identifying 21 U.S.C. § 841(b)(1)(D) (2000) as the appropriate Federal analogue in a case involving a drug trafficking conviction).