

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2006

# In Re: Argueta

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4330

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"In Re: Argueta " (2006). *2006 Decisions.* Paper 123.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/123

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4330
_____

IN RE: MAURICIO ARGUETA,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to MD/PA Civil No. 06-cv-01724)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
October 19, 2006

Before: RENDELL, SMITH and COWEN, Circuit Judges

(Filed December 6, 2006 )
_____

OPINION OF THE COURT
_____

PER CURIAM

Mauricio Argueta filed a habeas petition in the United States District Court for the

Middle District of Pennsylvania, challenging his order of removal. On October 4, 2006,

he filed a petition for a writ of mandamus in this Court. His petition is sub-captioned

"Appeal to Decision of 9/15/06." He asks for a "day in court, by a fair, just and

reasonable trier of facts and laws, examining [Matter of] ADAMIAK, [23 I & N Dec. 878

(BIA 2006)] and VIENNA CONVENTION."

A writ of mandamus is an extraordinary remedy that will only be issued if the petitioner (1) has no other adequate means of obtaining the desired relief, and (2) has a "clear and indisputable" right to the writ. Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992). "[M]andamus is not a substitute for appeal and a writ of mandamus will not be granted if relief can be obtained by way of our appellate jurisdiction." In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998).

To the extent Argueta sought review of the District Court's September 15, 2006 order dismissing his habeas petition, he should have filed a notice of appeal in the District Court. In the interests of judicial economy, we decline to transfer the petition to the District Court to be docketed as a notice of appeal. Argueta's habeas petition in the District Court sought to challenge the Board of Immigration Appeals' (BIA's) decision denying his motion to reopen his removal proceedings. As the District Court noted, a removal order may only be challenged by way of a petition for review filed in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. We agree with the District Court that it lacked jurisdiction to entertain the petition; thus, an appeal from the Court's decision would be futile.

To the extent Argueta's mandamus petition could be construed as a petition for review of the BIA's decision denying his motion to reopen, we also lack jurisdiction, as the petition is untimely. The BIA's decision is dated June 28, 2006. A petition for review of that decision would be timely only if filed within 30 days of the decision. 8

2

U.S.C. § 1252(b)(1). Neither Argueta's mandamus petition nor his habeas petition was filed within the 30 day period.

Argueta had "adequate means of obtaining" review of the BIA's decision–he could have filed a timely petition for review. His failure to do so does not warrant mandamus relief. We will therefore deny the petition.