**Roberto Antonio Acosta CABRERA, Petitioner (pro se),**

**v.**

Peter D. KEISLER,[1] Acting Attorney General of the United States, Mary Ann Gantner, District Director, New York District, Board of Immigration Appeals, Respondents.

No. 05–3243–ag.

United States Court of Appeals, Second Circuit.

Oct. 2, 2007.

Roberto Antonio Acosta Cabrera, pro se.

Michael J. Garcia, Unites States Attorney for the Southern District of New York; Sue Chen, Special Assistant United States Attorney; Kathy S. Marks, Assistant United States Attorney, of Counsel, for Respondent.

Present: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Roberto Antonio Acosta Cabrera ("Cabrera"), a native and citizen of the Dominican Republic, petitions for review of the BIA's May 27, 2005 order denying his motion to reopen proceedings and reconsider his application for naturalization. We presume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA summarily affirms the decision of an Immigration Judge ("IJ") without issuing an opinion, we review the IJ's decision directly as the final agency determination. *See, e.g.,*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

*Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review the agency's denial of motions to reopen and motions to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the agency "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (citations omitted).

■ First, the BIA did not abuse its discretion in denying Cabrera's motion to reopen and reconsider. Cabrera did not raise any arguments in his brief related to the BIA's decision to deny his second motion to reconsider, thus he has waived this challenge. *See Davis v. New York,* 316 F.3d 93, 102 n. 5 (2d Cir.2002). Further, the BIA properly determined that it was prohibited from reconsidering its March 2005 order under 8 C.F.R. § 1003.2(b)(2), which provides that "[a] party . . . may not seek reconsideration of a decision denying a previous motion to reconsider."

■ Second, the BIA properly held that Cabrera does not qualify for naturalization. Because Cabrera acquired lawful permanent resident status through fraud, the BIA determined that he was never lawfully admitted for permanent resident status under 8 C.F.R. § 1001.1(p). *See In re Koloamatangi,* 23 I. & N. Dec. 548 (BIA 2003). Cabrera contends that, having pledged his permanent allegiance to the United States, he should be naturalized. We have, however, held that an individual's permanent allegiance alone is not sufficient to confer national status. *See Marquez–Almanzar v. INS,* 418 F.3d 210, 218 (2d Cir.2005). Accordingly, Cabrera is not eligible for relief under INA §§ 341(b) and 325. *See* 8 U.S.C. § 1452(b); 8 U.S.C. § 1436.

Finally, Cabrera has failed to supply any facts that substantiate his challenge to his underlying criminal convictions. Cabrera relies on *In re Adamiak,* 23 I. & N. Dec. 878 (BIA 2006), to argue that his criminal proceedings were substantially defective due to a lack of notice of the potential effects of pleading guilty on the outcome of future immigration proceedings. But unlike the petitioner in *In re Adamiak,* Cabrera's criminal convictions have not been vacated by the New York State Courts. *In re Adamiak,* 23 I. & N. Dec. at 879–80. Moreover, Cabrera failed to raise this argument below; therefore, the issue has not been exhausted or preserved for review by this Court. *See* 8 U.S.C. § 1252(d)(1); *see also Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of deportation is DENIED as moot.