[Cite as *State v. Garcia*, 2020-Ohio-3232.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-11-030 |
| | : | O P I N I O N |
| - vs - | | 6/8/2020 |
| | : | |
| BRANDON S. GARCIA, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY MUNICIPAL COURT
Case No. CRB1900292B,C,D

Stephen J. Pronai, Madison County Prosecuting Attorney, Michael S. Klamo, Nicholas A. Adkins, 59 North Main Street, London, Ohio 43140, for appellee

The Tyack Law Firm Co., L.P.A., Madison Mackay, 536 South High Street, Columbus, Ohio 43215, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Brandon S. Garcia, appeals the decision of the Madison County Municipal Court denying his motion to withdraw his guilty pleas to three minor misdemeanors offenses. For the reasons discussed below, we affirm the decision to deny appellant's motion to withdraw his guilty pleas.

{¶ 2} On May 2, 2019, appellant was arrested and charged with four offenses: using

weapons while intoxicated, a first-degree misdemeanor in violation of R.C. 2923.15; possession of drugs, a minor misdemeanor in violation of R.C. 2925.11(A); open container, a minor misdemeanor in violation of R.C. 4301.62(B)(4); and drug paraphernalia, a minor misdemeanor in violation of R.C. 2925.14(A).[1] According to the charging instruments, law enforcement officers were called to investigate a suspicious vehicle. When the officers approached the vehicle, they detected an odor of marijuana and saw open containers of alcohol in the vehicle. In searching the vehicle, the officers discovered marijuana and several firearms, in addition to the alcohol, and therefore arrested appellant.

{¶ 3} On May 3, 2019, appellant was present in court for his initial appearance and arraignment on the charges with several other individuals.[2] Before addressing appellant specifically, the trial court advised all of the defendants that day, en masse, generally of their constitutional rights and the possible consequences they faced. The trial court then asked all of the defendants in the courtroom if they had any questions regarding their rights and none responded. The trial court proceeded to give a statement about adverse immigration consequences resulting from a criminal conviction. Specifically, the trial court gave the following immigration warning:

> Finally, if you are not a citizen of this country, understand that a conviction could result in your [INAUDIBLE] or filed with an immigration official. It could be cause for deportation or exclusionary—excuse me—initiated against you. And you do have the right to consult counsel on those issues.

{¶ 4} After this general advisement, the trial court began to call each defendant on its docket individually. When appellant's cases were called, the trial court specifically

---

1. Appellant was further charged with a first-degree misdemeanor traffic offense arising out of the same incident but under a different case number. Appellant pled not guilty to this offense at arraignment and the charge was subsequently dismissed in a negotiated plea deal with the weapon offense.

2. Crim.R. 5(A) provides "[i]n misdemeanor cases the defendant may be called upon to plead at the initial appearance. Where the defendant enters a plea the procedure established by Crim.R. 10 and Crim.R. 11 applies."

informed appellant about the nature of the charges against him. During this exchange, the trial court did not personally address appellant as to the statutory immigration notices. Appellant then elected to plead guilty to the three minor misdemeanor offenses— possession of drugs, open container, and drug paraphernalia—and not guilty to the weapon offense. The trial court accepted appellant's guilty pleas and proceeded to sentence appellant to a fine and the cost of prosecution for each of the offenses. The trial court then scheduled a pre-trial hearing later in June for the remaining charge.

{¶ 5} On May 8, 2019, appellant moved to withdraw his guilty plea to the drug paraphernalia charge pursuant to R.C. 2943.031(D). In his motion, appellant provided an affidavit in which he averred that he was a citizen of Mexico, that he entered the United States as a child, had filed for protection from deportation under the Deferred Action for Childhood Arrivals ("DACA") policy, and his guilty pleas placed his protected immigration status in jeopardy. The trial court denied this motion on May 10, 2019. Then on May 31, 2019, appellant filed a renewed and supplemental R.C. 2943.031(D) motion to withdraw his guilty pleas to all of the minor misdemeanor charges and attached the same affidavit, a receipt from the United States Citizenship and Immigration Services for its notice of DACA consideration, and a transcript of the arraignment and plea proceeding.[3] On August 28, 2019, appellant further supplemented the motion with an additional portion of the transcript from the arraignment and plea proceeding.

{¶ 6} The trial court held a hearing on the R.C. 2943.031 motion on September 24, 2019. At the hearing, the trial court orally indicated that it would grant the motion. However, on October 24, 2019 the trial court issued its written decision denying the motion. The trial

---

3. We note that appellant presented, and the transcript of the docket shows, a motion filed May 31, but there is no filing with this date-stamp in the record. However, the supplementary motion filed August 28 is in the record and will be used as the complete motion before the trial court and discussed by the parties.

court denied the motion because it found that some advisement was given during the arraignment/plea hearing and alternatively R.C. 2943.031(A) does not require an advisement for a minor misdemeanor. On October 28, 2019, the prosecutor amended the remaining weapon charge to disorderly conduct, a fourth-degree misdemeanor, and appellant pleaded guilty to the amended charge.

{¶ 7} Appellant now appeals, raising two assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTIONS TO WITHDRAW GUILTY PLEAS IN VIOLATION OF OHIO CRIMINAL RULE 11 AND R.C. 2943.031 (R. 130-132, ENTRY FROM JUDGE; RIGHTS PRIOR TO ARRAIGNMENT TRANSCRIPT; ARRAIGNMENT TRANSCRIPT).

{¶ 10} In his first assignment of error, appellant argues that the trial court erred by not complying with the requirements of Crim.R. 11(E) and R.C. 2943.031 during the plea colloquy for the minor misdemeanor charges.[4] While appellant raises several issues to indicate that the plea colloquy was defective and premises his argument as a failure to comply with Crim.R. 11(E), he focuses the argument solely around the trial court's duties pursuant to R.C. 2943.031. He argues that by accepting appellant's guilty pleas to three charges contemporaneously, this circumvented the trial court's duty to provide the R.C. 2943.031 advisement for each subsequent guilty plea to a minor misdemeanor offense. Furthermore, appellant contends that the trial court erred because it did not personally address him as required by R.C. 2943.031 and the advisement provided did not substantially comply with the statute.

{¶ 11} R.C. 2943.031 has created a duty for a trial court, with some exceptions, to

---

4. Appellant did not appeal his disorderly conduct conviction.

personally advise a defendant charged with a felony or misdemeanor offense of the possible consequences to his immigration status upon a criminal conviction. Specifically, the statute provides:

> Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor *other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor*, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
>
> "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
>
> Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.

(Emphasis added.) (Quotation marks in original.) R.C. 2943.031(A). R.C. 2943.031(B) exempts an immigration advisement if the defendant indicates that he is a United States citizen orally at the hearing or within a written plea agreement form. The advisement, when not exempted, is a substantive right that supplements Crim. R. 11. *See State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 29 (discussing the relationship between R.C. 2943.031[A] with the Crim.R. 11[C] colloquy for felony offenses); *accord State v. Kona*, 148 Ohio St.3d 539, 2016-Ohio-7796, ¶ 19. A defendant not advised pursuant to R.C. 2943.031(A) may move to withdraw his guilty plea pursuant to R.C. 2943.031(D). R.C. 2943.031(D) provides:

> Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court

fails to provide the defendant the advisement described in division (A) of this section, *the advisement is required by that division*, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

(Emphasis added.); *accord State v. Reyes*, 12th Dist. Butler Nos. CA2015-06-113 thru CA2015-06-115, 2016-Ohio-2771, ¶ 15; *State v. Weber*, 125 Ohio App.3d 120, 126 (10th Dist.1997). An appellate court reviews a trial court's decision to grant or deny a motion to withdraw a guilty plea filed pursuant to R.C. 2943.031(D) for an abuse of discretion. *Reyes* at ¶ 14, citing *Francis* at ¶ 32. "An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable." *State v. Taveras*, 12th Dist. Warren No. CA2016-06-054, 2017-Ohio-1496, ¶ 16.

{¶ 12} Appellee concedes that appellant sufficiently demonstrated that he is not a United States citizen and that the convictions may have adverse consequences to his immigration status. Therefore, the only two factors at issue are whether the advisement was required and whether the trial court properly provided the required R.C. 2943.031(A) advisement.

{¶ 13} In determining whether the advisement was required, we must look to the specific wording of the statute. Statutory interpretation is a question of law and therefore, requires de novo review. *Kairn v. Clark*, 12th Dist. Warren Nos. CA2013-06-059 and CA2013-08-071, 2014-Ohio-1890, ¶ 20; *accord State v. Blanton*, 4th Dist. Adams No. 16CA1035, 2018-Ohio-1278, ¶ 50. To properly construe the statute, we look at its express language. *State v. Waddell*, 71 Ohio St.3d 630, 631 (1995). Words used in a statute are to be understood in their usual, normal, and customary meaning, unless they have acquired a technical or particular meaning. R.C. 1.42; *State v. Everette*, 129 Ohio St.3d 317, 2011-

- 6 -

Ohio-2856, ¶ 16. Where the meaning of the statute is unambiguous and definite, the statute must be applied as written and no further interpretation is necessary. *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 12th Dist. Butler No. CA2019-03-051, 2020-Ohio-1180, ¶ 13, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545 (1996). It is the duty of the reviewing court to give effect to the words used in the statute, not to delete words used or to insert words not used. *State v. Noling*, 153 Ohio St.3d 108, 2018-Ohio-795, ¶ 33. The threshold inquiry, therefore, is whether the statute is ambiguous. *Gabbard* at *¶ 13*, citing *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, ¶ 8.

{¶ 14} An immigration advisement is unnecessary before accepting a plea to a minor misdemeanor "if the defendant *previously* has not been *convicted* of or *pleaded* guilty to a minor misdemeanor." (Emphasis added.) R.C. 2943.031(A). The use of the present perfect verb tense, indicated by the auxiliary verb "has" with the past participles of the verbs "convict" and "plead", clearly means the General Assembly intended only convictions or pleadings that occurred at an unspecified point in the past. *See e.g. State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, ¶18 (analyzing the phrase "has been convicted of or pleaded guilty" in former R.C. 2971.01[H][1] and holding that the language clearly expressed the intention that those convictions and pleadings must have occurred in the past and prior to the subject matter), *superseded by statute as stated in, State v. Austin*, 1st Dist. Hamilton No. C-110804, 2012-Ohio-4232, ¶ 18. Moreover, R.C. 2943.031(A) explicitly includes the adverb "previously" to further emphasize the timeframe involved for those convictions and pleadings. By using the term "previously" the General Assembly signified that the trial court must look back at any pleadings or convictions that occurred before the instant proceeding.

{¶ 15} Furthermore, R.C. 1.43(A) provides as a rule of statutory construction that the

"singular includes the plural, and the plural includes the singular." Pursuant to that rule of construction, the language of R.C. 2943.031(A) is to be construed as including both a single plea and multiple pleas. Altogether, the use of the word "previously" in conjunction with the present perfect verb tense for "convict" and "plead" plainly and definitely refer to an unspecified time before the instant plea or pleas are to be accepted. If the General Assembly wanted the trial court to consider pleas occurring contemporaneously with each other it would have written the statute differently. Therefore, we hold that R.C. 2943.031(A) is not ambiguous and we will apply the plain meaning. The trial court's duty to provide an R.C. 2943.031(A) immigration advisement, before accepting a guilty or no contest plea to a minor misdemeanor charge, exists only when the defendant has been convicted of or pleaded guilty to a minor misdemeanor offense in a previous proceeding. The duty created in R.C. 2943.031(A) is not triggered when the trial court considers guilty or no contest pleas to multiple *minor misdemeanors* charges together at the same proceeding.[5] Therefore, in the instant case, it was proper for the trial court to accept appellant's guilty pleas contemporaneously.

{¶ 16} Consequently, the trial court did not abuse its discretion when it denied appellant's R.C. 2943.031(D) motion. Appellant had not *previously pleaded* guilty or been *convicted* of a minor misdemeanor offense, therefore, the trial court was not required to provide the immigration advisement. The trial court's decision on this ground is dispositive of this appeal and the trial court's alternative basis for denying the motion is moot. In light of the foregoing, appellant's other claims regarding the trial court's immigration advisement are also moot. Accordingly, appellant's first assignment of error is overruled.

---

5. We further note that in *Francis*, the Ohio Supreme Court suggested the Rules Advisory Committee consider amending Crim.R 11(C)(2) and (D) to reflect R.C. 2943.031 but omitted any reference to Crim.R. 11(E). *Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894 at ¶ 29 fn. 1.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA BY HOLDING THE STATUTE INAPPLICABLE TO MINOR MISDEMEANORS IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION. (R. 130-132, ENTRY FROM JUDGE).

{¶ 19} In his second assignment of error, appellant argues that the trial court's interpretation of R.C. 2943.031(A), as applied to him, violated his Fifth Amendment right against self-incrimination as his guilty plea was not entered knowingly, voluntarily, and intelligently. However, appellant did not raise this issue below. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan,* 22 Ohio St.3d 120 (1986), paragraph one of the syllabus; *accord State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 15; *State v. Myers*, 12th Dist. Madison No. CA2012-12-027, 2014-Ohio-3384, ¶ 12. Consequently, appellant's failure to raise the issue of the constitutionality of R.C. 2943.031 forfeits the issue and this court need not address it for the first time on appeal.

{¶ 20} Appellant's second assignment of error is, therefore, overruled.

{¶ 21} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.