NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAGHBIR SINGH,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 22-589<br><br>Agency No.<br>A202-068-776<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2023**
San Francisco, California

Before: GOULD, KOH, and DESAI, Circuit Judges.

Raghbir Singh, a native and citizen of India, petitions for review of a Board

of Immigration Appeals ("BIA") decision that dismissed his appeal from a decision

by an immigration judge ("IJ") denying his applications for asylum and for

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal. The BIA affirmed the IJ's denial of Singh's applications for relief based on an adverse credibility determination made against Singh. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny Singh's petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review the agency's adverse credibility determination for substantial evidence. *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022). Under that standard, "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.*

We conclude the IJ's adverse credibility determination made against Singh is supported by substantial evidence. First, Singh was inconsistent regarding his role in his party. As the IJ explained, Singh contradicted himself by variously stating: (a) that he did nothing; (b) that he put up posters; and (c) that he passed out food and water at meetings. That Singh only stated he put up posters for his party after being asked how the Badal party members identified him is probative evidence supporting the IJ's finding. *Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020) ("[O]missions are probative of credibility to the extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum application."). The IJ also relied on several other inconsistencies in Singh's testimony such as (1) whether Singh himself

reported the incidents, (2) whether there was an election in 2014, and (3) the time period in which he stayed with friends before leaving India.

Second, this Court gives "special deference" to an IJ's demeanor findings when the IJ cites to specific instances in the record to support its finding and gives fair notice of instances in which the IJ believes the witness is being nonresponsive. *Lalayan v. Garland*, 4 F.4th 822, 839 (9th Cir. 2021). Here, the IJ properly cited specific instances in the record to support its finding that Singh was "evasive" and "vague," noting his inability to directly answer questions asking how he was identified and targeted by the Badal party members. *Shrestha v. Holder*, 590 F.3d 1034, 1045 (9th Cir. 2010) (a pattern of unresponsiveness can support an adverse credibility finding).

Finally, the record contains other "indications of dishonesty." *Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005). Among various other inconsistencies in Singh's testimony and submitted evidence, we note that Singh's mother's letter is particularly probative. The third paragraph of the letter appears to be lifted from Singh's declaration because it recounts Singh's first encounter with the Badal party members in the first-person, whereas the rest of the letter refers to Singh in the third person or as her "son." *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007–08 (noting that an IJ can find a document to be unpersuasive without making a specific finding that the document is forged).

Although it is possible that these inconsistencies are attributable to difficulties communicating through an interpreter, the record does not *compel* any reasonable adjudicator to find Singh credible. *Dong*, 50 F.4th at 1301 ("[P]lausible explanations do not always compel credence."). Singh's inconsistent testimony regarding his role in his party is a conspicuous discrepancy that "bear[s] directly" on his claim of persecution. *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021). A reasonable adjudicator could find that this was not a one-off communication error based on the IJ's demeanor finding and numerous other inconsistencies throughout the record.[1]

**PETITION DENIED.**

---

[1] Singh's argument that the BIA erred by engaging in "fact finding" by considering for the first time the letters sent by Singh's employer and the SADA party is meritless. The only case Singh cites to argue this is reversible error is inapposite because it deals with an instance in which the BIA declined to engage in fact finding to remand the issue of whether a record of conviction is for an aggravated felony for the IJ to address in the first instance. *See Matter of Adamiak*, 23 I&N Dec. 878, 880 (BIA 2006). Here, the BIA affirmed the IJ's adverse credibility finding based on the IJ's determination of the facts and observed that the additional letters do not provide new facts that undermine the adverse credibility finding. Moreover, because the letters did not contain any inconsistences upon which the IJ based its adverse credibility determination, Singh did not need to be given notice and opportunity to respond. *Dong*, 50 F.4th at 1297.