[Cite as *State v. Panda*, 2020-Ohio-3040.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| DEBASMITA PANDA, | : | Case No. 20-COA-001 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Ashland County
                                 Court of Common Pleas, Case No.
                                 18-CRI-076

JUDGMENT:                        Reversed, Vacated and Remanded

DATE OF JUDGMENT:                May 19, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL                    RHYS B. CARTWRIGHT-JONES
Ashland County                            42 N. Phelps St.
Prosecuting Attorney                      Youngstown, Ohio 44503-1130

By: COLE F. OBERLI
Assistant Prosecuting Attorney
110 Cottage Street
Ashland, Ohio 44805

*Baldwin, J.*

{¶1} Debasmita Panda appeals the decision of the Ashland County Court of Common Pleas denying her request to withdraw her guilty plea. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2} Appellant, Debasmita Panda, appeared with counsel in the Ashland County Court of Common Pleas to enter a change of plea to one count of forgery in violation of 2913.31(A)(3). A second count of forgery was dismissed by the appellee. The facts leading to the arrest and indictment of Panda are not relevant to the resolution of this appeal and are therefore omitted.

{¶3} Panda is not a citizen of the United States and that fact triggered an obligation of the trial court to explore her understanding of the consequences of a guilty plea that are unique to a non-citizen. Revised Code Section 2943.031(A) describes the duty of the trial court upon discovering a defendant entering a plea is not a citizen:

> Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

"If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

**{¶4}** The trial court discovered Panda's non-citizenship and engaged in the following exchange:

THE COURT Ms. Panda, are you a United States Citizen?

MS. PANDA: No, Your Honor.

THE COURT: So do you understand that by entering a plea of guilty to that charge, you stand the possibility of being deported from the United States at some point and not being permitted to return to the United States? Do you understand that is one of the results of being found guilty of a felony? You need to answer out loud because we are making an audio recording of this.

MS. PANDA: Yes, Your Honor.

THE COURT: Okay, and you discussed that with Attorney Mayer?

MS. PANDA: Yes, Your Honor.

MR. MAYER: If I may Judge.

THE COURT: Yes.

MR. MAYER: I can confirm that those discussions have occurred from the outside of the representation, and in fact, the Court did grant a continuance from the previously scheduled jury trial so as to allow further discussion as

to that. There has also been discussions with an immigration attorney as well to discuss some of the potential consequences, and so she appreciates the opportunity that you gave her to continue looking into that.

THE COURT: So you are fully advised and aware of the potential immigration issues.

MS. PANDA: Yes, Your Honor.

Change of Plea Hearing Transcript, Sep. 19, 2018, p. 4, lines 22 to p. 6, line 7.

**{¶5}** Panda's change of plea was accepted and she was sentenced on November 5, 2018 to ninety days of house arrest, a $250.00 fine, court costs and two years' probation. Panda has paid the fine and costs, served house arrest and the trial court ordered probation successfully terminated on October 22, 2019.

**{¶6}** Panda filed a motion to vacate her guilty plea on December 4, 2019 arguing that the trial court failed to fulfill its obligation under R.C. 2943.031 by not advising her that a guilty plea may prevent her from becoming a naturalized citizen. She also alleged that she received ineffective assistance of counsel because her trial counsel failed to advise her of her plea's impact on her ability to become a naturalized citizen. The trial court denied the motion holding that "the Defendant was fully advised of the potential immigration consequences of her plea and was afforded additional time to consult specifically with an immigration attorney to fully investigate the potential consequences of a plea. The Court finds that the Defendant's plea was knowingly, voluntarily and intelligently entered." Entry, Dec. 24, 2019.

**{¶7}** Panda filed a notice of appeal and submitted one assignment of error:

**{¶8}** "I. THE TRIAL COURT ERRED IN DENYING PANDA'S MOTION TO VACATE HER GUILTY PLEA."

**{¶9}** Though Panda offered only one assignment of error, she contends the error arose from two different causes—the failure of the trial court to comply with the requirements of R.C. 2943.031 and ineffective assistance of counsel.

## STANDARD OF REVIEW

**{¶10}** Revised Code 2943.031 and Crim.R. 32.1 are the basis for Panda's motion for relief and while post-sentence motions filed under Crim.R. 32.1 are subject to the manifest injustice standard, that requirement is not applicable when the appellant claims a violation of R.C. 2943.031. *State v. Oluoch*, 10th Dist. Franklin No. 07AP-45, 2007-Ohio-5560, ¶9. "R.C. 2943.031(D)'s explicit language mandates that a trial court set aside a judgment of conviction and allow a defendant to withdraw his guilty plea if the defendant satisfies four requirements.  Showing manifest injustice is not included as one of the requirements." *State v. Weber*, 125 Ohio App.3d 120, 129,707 N.E.2d 1178 (10th Dist. 1997).

**{¶11}** Appellant must instead show that "(1) the court failed to provide the defendant with the advisement contained in R.C. 2943.031(A); (2) the advisement was required; (3) the defendant is not a United States citizen; and (4) the offense to which the defendant pled guilty may result in the defendant being subject to deportation, exclusion, or denial of naturalization under federal immigration laws. *Id.* at 126.

**{¶12}** The trial court's decision regarding whether the elements have been established is reviewed under an abuse of discretion standard.

To clarify, the exercise of discretion "applies to the trial court's decision on whether the R.C. 2943.031(D) elements have been established (along with the factors of timeliness and prejudice * * *), not generally to the trial court's discretion once the statutory provisions have been met." *Id.* at ¶ 34, 820 N.E.2d 355. "[A] defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of that statute, * * * the trial court must exercise its discretion in determining whether the statutory conditions are met, and * * * an appellate court reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D). *Id.* at ¶ 36, 820 N.E.2d 355.

*State v. Muhumed*, 10th Dist. Franklin No. 11AP-1001, 2012-Ohio-6155, ¶¶ 8-10.

{¶13} Panda also contends that her trial counsel rendered ineffective assistance by failing to inform her of the consequences of a finding of guilt. The Supreme Court of Ohio recently issued an opinion regarding an analogous fact pattern and addressed the appropriate standard to apply to a claim of ineffective assistance of counsel in this context:

The Sixth Amendment to the United States Constitution guarantees a defendant the effective assistance of counsel at "'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, —— U.S. ——, 137 S.Ct. 1958, 1964, 198 L.Ed.2d 476 (2017), quoting *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). When a defendant alleges ineffective assistance of counsel arising from the plea process, the defendant must meet the two-prong test set out

in *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See *Hill* at 58, 106 S.Ct. 366 (applying *Strickland* to guilty pleas); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992) (same).

First, the defendant must show that counsel's performance was deficient. *Strickland* at 687, 104 S.Ct. 2052; *Xie* at 524, 584 N.E.2d 715. When an attorney's noncitizen client is considering a plea, the United States Supreme Court has held that "counsel must inform her client whether his plea carries a risk of deportation." *Padilla,* 559 U.S. at 374, 130 S.Ct. 1473, 176 L.Ed.2d 284. Given the grave consequences of deportation, an ineffective-assistance claim is not limited to affirmative misadvice or false information. *Id.* at 369-371, 130 S.Ct. 1473. The failure to give any advice at all about possible deportation consequences satisfies the first prong of *Strickland. Id.* "The severity of deportation * * * only underscores how critical it is for counsel to inform her noncitizen client that he faces a risk of deportation." *Id.* at 373-374, 130 S.Ct. 1473.

Second, the defendant must demonstrate prejudice resulting from counsel's deficient performance. *Strickland* at 687, 104 S.Ct. 2052. The defendant can show prejudice by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill* at 59, 106 S.Ct. 366; *Xie* at 524, 584 N.E.2d 715.

*State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404 (2019) ¶¶15-16.

**ANALYSIS**

{¶14} The Supreme Court of Ohio requires that any motion seeking relief under R.C. 2943.031 be timely. *State v. Khan,* 2nd Dist. Montgomery No. 21718, 2007-Ohio-4208, ¶ 31. In the case before us, the issue of timeliness is not addressed by the trial court, nor is it asserted as a fault by appellee in its brief, so we consider that issue waived.

{¶15} Revised Code R.C. 2943.031(A) describes the duty of the trial court to provide the warning therein as a mandatory obligation by the use of the word "shall" most often used to designate a clear requirement. The Code requires that "the court **shall** address the defendant personally, provide the following advisement to the defendant that **shall** be entered in the record of the court, and determine that the defendant understands the advisement." *Id.* (Emphasis added.) Further, the language of the advisement is separately set out, in quotation marks, suggesting that the Legislature intended the trial courts to provide a verbatim recitation of that language, though section of the Code does not expressly include that requirement.

{¶16} The Supreme Court of Ohio addressed the requirement of a verbatim recitation in *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355. In the first paragraph of the syllabus, the Court held that a verbatim recital is required:

> A trial court accepting a guilty or no-contest plea from a defendant who is not a citizen of the United States must give verbatim the warning set forth in R.C. 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

**{¶17}** A failure to provide a verbatim recitation of the warning need not be fatal, as the Supreme Court of Ohio noted in the second paragraph of the *Francis* syllabus:

> If some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A).

**{¶18}** The Court defined "substantial compliance" as meaning "that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).* The Supreme Court of Ohio referenced *State v. Malcolm* (2001), 257 Conn. 653, 778 A.2d 134, in support of its holding that substantial compliance is sufficient to satisfy the requirement of the Revised Code. While that Court did find that substantial compliance was sufficient, the statute at issue in that case is worded differently than R.C. 2943.031 and does not contain a mandatory advisement but only requires that the trial court "shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court first addresses the defendant personally and determines that the defendant fully understands" the potential consequences of his plea. *Conn.Gen.Stat.Ann.* 54-1j. Chief Justice Moyer and Justice Pfeiffer dissented in *Francis* and noted that the unambiguous requirement of the statute was a verbatim recitation of the advisement. Nevertheless, we are bound to comply with the holding in *Francis* and

determine whether the trial court "substantially complied" with the requirements of R.C. 2943.031 when it failed to provide a verbatim recitation.

**{¶19}** The trial court did not comply with the first paragraph of the syllabus of *Francis, supra,* because it failed to "give verbatim the warning set forth in R.C. 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." We must next review whether the trial substantially complied with the mandate of R.C. 2943.031(A).

**{¶20}** We conclude that the trial court did not substantially comply with R.C. 2943.031(A) because it failed to describe the plea's potential impact on Panda's ability to become a naturalized citizen.  We agree with the Second District Court of Appeals when it determined that:

> The trial court failed to advise Defendant that his guilty plea might result in exclusion from admission to the United States, or denial of naturalization. Thus, in advising Defendant about the possible adverse immigration consequences of his guilty plea the trial court failed to even mention two out of the three separate, distinct consequences set forth in R.C. 2943.031(A). In our view, that does not constitute substantial compliance with R.C. 2943.031(A). See: *State v. Zuniga,* Lake App. Nos.2003-P-0082, 2004-P-0002, 2005-Ohio-2078.

*State v. Hernandez-Medina*, 2nd Dist. Clark No. 06CA0131, 2008-Ohio-418, ¶ 30.

**{¶21}** We find that appellant could not subjectively understand the rights she was waiving when she was not fully advised of the rights that may be impacted by a finding of guilty. Our conclusion is buttressed by the first paragraph in the syllabus in *Francis* mandating a verbatim recitation of the advisement in R.C. 2943.031 which leads us to conclude that the second paragraph, which permits substantial compliance, requires advisement of all three consequences described within that section of the Revised Code. The Legislature determined all three issues were of such significant import that it included specific language for the trial court's use when advising defendants. The trial court in the case below failed to substantially comply because it did not address the possible consequence of denial of naturalization. Concluding that a trial court substantially complied with the requirement of the Code without any mention of one of the consequences is tantamount to changing the language of the statute and we are not willing to adopt such an interpretation. Our conclusion is indirectly supported by the decision in *State v. Sow*, 10th Dist. Franklin No. 17AP-772, 2018-Ohio-4186, ¶ 17 where the Tenth District Court of Appeals held that the trial court substantially complied with statutory requirements by informing defendant of the three possible consequences of deportation, exclusion from admission and denial of naturalization, but did not provide a verbatim recital of the advisement.

**{¶22}** We hold that the trial court abused its discretion by finding that it substantially complied with the requirements of R.C. 2943.031. The trial court did not provide a verbatim recitation and failed to include one of the potential consequences of a guilty finding. Panda admitted she was not a citizen, so the advisement was necessary and neither the trial court nor appellee argue to the contrary. Because there was not

substantial compliance with the statutory requirements, the assignment of error is sustained.

II.

{¶23} Panda also argued the trial court abused its discretion by not concluding that she had received ineffective assistance of counsel with regard to the immigration consequences of her plea. Because we have sustained the assignment of error based upon the omission of a part of the mandatory advisement contained in R.C. 2943.031, we hold this portion of the argument moot.  However, we cannot ignore the fact that the trial court did not clearly address this issue. The Supreme Court of Ohio concluded that a trial court abuses its discretion by denying a motion to withdraw his guilty plea in this context without considering the two-prong test for ineffective assistance of counsel established in *Strickland.   State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404 (2019).  If this issue had not been made moot by our decision regarding the impact of R.C. 2943.031, we would have been compelled to remand the matter to the trial court under the holding of *Romero.*

{¶24} Panda has served her sentence and paid fines and costs and her probation has been terminated, so we sua sponte consider whether this appeal is moot.  The issue of mootness of a criminal case arises only if it is shown that there is no possibility that any collateral legal consequences will be imposed upon the basis of the challenged conviction. *Cf. St. Pierre v. United States (1943), 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199; Fiswick v. United States (1946), 329 U.S. 211, 222, 67 S.Ct. 224, 91 L.Ed. 196, State v. Wilson, 41* Ohio St.2d 236, 237, 325 N.E.2d 236, 237 (Ohio 1975).

**{¶25}** In this matter we find there is a collateral legal consequence, the potential impact on Panda's immigration status.  Therefore we conclude that the fact that Panda has served her sentence, paid a fine and court costs does not render the matter moot.

**{¶26}** The decision of the Ashland County Court of Appeals denying Panda's motion to withdraw her guilty plea is reversed, appellant's conviction is vacated and this matter is remanded to the Ashland County Court of Common Pleas for further proceedings consistent with this opinion.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.