[Cite as *State v. Palafox*, 2021-Ohio-1550.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                        Court of Appeals No. S-20-034

    Appellee                                    Trial Court No. 16 CR 106

v.

Alfonso Vazquez Palafox                    **DECISION AND JUDGMENT**

    Appellant                                   Decided:  April 30, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} In this accelerated appeal, appellant, Alfonso Vazquez Palafox, appeals the December 13, 2019 judgment of the Sandusky County Court of Common Pleas denying his motion to withdraw plea pursuant to R.C. 2943.031.  For the reasons that follow, we reverse.

{¶ 2} Appellant sets forth two assignments of error:

I.  The trial court violated Mr. Perez's [sic] substantive right to receive statutory immigration warnings at his plea hearing, rendering his guilty plea void.

II.  The trial court committed plain error, violating Mr. Perez's [sic] Due Process right to receive Crim.R. 11(C) notifications at his plea hearing, rendering his guilty plea void.

## Background

## Trial Court Proceedings

{¶ 3} Appellant, who is not a citizen of the United States, was indicted by the Sandusky County Grand Jury on April 22, 2016, on one count of domestic violence, a fifth-degree felony, and one count of disrupting public services, a fourth-degree felony. He was subsequently arraigned and pled not guilty.

{¶ 4} On September 16, 2016, a plea of guilty form was filed in the trial court which set forth that appellant desired to enter a guilty plea to the lesser included charge of attempted aggravated menacing in violation of R.C. 2903.21, a second-degree misdemeanor.  A change of plea and sentencing hearing was held that same day. Appellant was represented by counsel and an interpreter was present to assist appellant with translation from English to Spanish.

{¶ 5} At the hearing, the court addressed appellant's counsel, and counsel apprised the court, inter alia, that appellant was not a United States citizen and the effect of the

2.

plea may have consequences of deportation. The court requested that the interpreter "verify or substantiate that [appellant] has gone through this plea of guilty." The interpreter conferred with appellant, off of the record, and the interpreter stated, "Yes, Your Honor." The court then addressed the victim and the interpreter, and asked, "does she understand what's going on?" The interpreter conferred with victim, and the interpreter replied, "Yes, Your Honor."

{¶ 6} The state recommended that appellant be sentenced to 90 days in county jail, suspended, and two years of non-reporting probation, and be assessed for anger management and follow any treatment recommendation. The state also recommended that the original count of the indictment be dismissed.

{¶ 7} The court found appellant had knowingly and voluntarily entered his plea of guilty to attempted aggravated menacing, a second-degree misdemeanor. The court adopted the state's sentencing recommendation of 90 days in county jail, suspended. The court stated, "So I would need his signature on the plea." The interpreter conferred with appellant. The court announced it "finds that he has made a knowing, voluntary and intelligent waiver of those rights. Court accepts his plea of guilty * * * and imposes the sentence which I just read into the record."

{¶ 8} On January 20, 2018, the court ordered appellant's community control terminated early, based on the recommendation of the probation department that no further supervision was needed since appellant paid all of his obligations and gained maximum benefit from supervision.

3.

{¶ 9} On August 1, 2018, appellant filed a motion to withdraw guilty or no contest plea pursuant to Crim.R. 32.1, in which he asserted that as a direct result of his plea, he was placed in immigration removal proceedings. The court did not rule on this motion.

{¶ 10} On September 17, 2019, appellant filed a motion to withdraw plea pursuant to R.C. 2943.031(A), in which he alleged that as a result of his conviction, he was placed in removal proceedings with the Cleveland Immigration Court. Appellant requested a hearing. The state filed a reply to the motion to withdraw plea pursuant to R.C. 2943.031(A), in which it asserted the trial court had substantially complied with Crim.R. 11(C). The state also set forth arguments regarding ineffective assistance of counsel.

{¶ 11} On December 13, 2019, the court issued a judgment entry in which it denied appellant's motion without a hearing. The court noted that at the plea hearing, it "relied upon the services of [the] interpreter * * * to impress upon [appellant] the Rule 11 advisements, along with the possible consequences of deportation." The court set forth appellant "must show – after a three year delay in filing his motion to withdraw his guilty plea – that a manifest injustice has resulted from the court's acceptance of his plea." The court concluded "substance should prevail over form," and denied the motion to withdraw guilty plea pursuant to R.C. 2943.031(A).

**Appeal**

{¶ 12} Appellant filed a delayed appeal, attached to which was a notice to appear, dated March 1, 2017, from the U.S. Department of Homeland Security. The notice provided that appellant was subject to removal from the United States due to his

September 16, 2016 conviction. Appellant was ordered to appear before an immigration judge to show why he should not be removed from the United States.

## First Assignment of Error

{¶ 13} Appellant argues his guilty plea should be vacated because the trial court failed to give him the immigration warnings set forth in R.C. 2943.031. Appellant contends the court did not address him personally and give him the required warnings, nor did the court verify with appellant that his counsel had done so. Appellant submits the court relied completely on defense counsel's representation that the warnings were conveyed to appellant.

{¶ 14} The state observes appellant's counsel informed the court that appellant was not a United States citizen, and the state concedes the court was required to provide appellant with the warnings set forth in R.C. 2943.031, but the court did not do so. The state acknowledges appellant's plea should be vacated and the case remanded.

## Law

## R.C. 2943.031

{¶ 15} R.C. 2943.031 became effective in 1989, and provides:

(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the

defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

"If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.

(B) The court is not required to give the advisement described in division (A) of this section if either of the following applies:

(1) The defendant enters a plea of guilty on a written form, the form includes a question asking whether the defendant is a citizen of the United States, and the defendant answers that question in the affirmative;

(2) The defendant states orally on the record that he is a citizen of the United States.

(C) Except as provided in division (B) of this section, the defendant shall not be required at the time of entering a plea to disclose to the court his legal status in the United States.

(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

(E) In the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement.

(F) Nothing in this section shall be construed as preventing a court, in the sound exercise of its discretion pursuant to Criminal Rule 32.1, from setting aside the judgment of conviction and permitting a defendant to withdraw his plea.

**Compliance/Lack of Compliance with R.C. 2943.031 Warnings**

{¶ 16} In *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, the Ohio Supreme Court held "[a] trial court accepting a guilty or no-contest plea from a

defendant who is not a citizen of the United States must give verbatim the warning set forth in R.C. 2943.031(A)." *Id.* at paragraph one of the syllabus. However, if "the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." *Id.* at paragraph two of the syllabus.

{¶ 17} In *State v. Kona*, 148 Ohio St.3d 539, 2016-Ohio-7796, 71 N.E.3d 1023, ¶ 16, the Ohio Supreme Court recognized that "[f]or a noncitizen, the most significant aspect of a criminal conviction may not be the resulting criminal sanction but the conviction's effect on immigration status." Thus, "[i]f the trial court fails to give the advisement and immigration implications arise from the plea, the court must allow the defendant to withdraw his plea." *Id.* at ¶ 18.[1]

**Timeliness**

{¶ 18} While the General Assembly did not include a timeliness provision in R.C. 2943.031, the Ohio Supreme Court addressed the issue and held that the timeliness of the filing of a motion to withdraw plea should be considered. *Francis* at ¶ 40. The court observed "[t]he more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that

---

[1] The *Kona* defendant had not actually entered a plea of guilty or no contest. *Id.* at ¶ 1. The issue was whether the defendant's involvement in a pretrial diversion program invoked the advisement requirement of R.C. 2943.031. *Id.* at ¶ 13.

8.

witnesses will be unavailable." *Id.* Moreover, the court noted "[t]he state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time." *Id.* Notwithstanding, the court stated "in some cases even a considerable delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered." *Id.* at ¶ 42.

## Mootness Issue

{¶ 19} In *State v. Panda*, 5th Dist. Ashland No. 20-COA-001, 2020-Ohio-3040, the appellate court noted that appellant had already served her sentence, paid the fines and costs, and her probation had been terminated, so the court sua sponte raised the issue of whether the appeal was moot. *Id.* at ¶ 24. The court observed "[t]he issue of mootness of a criminal case arises only if it is shown that there is no possibility that any collateral legal consequences will be imposed upon the basis of the challenged conviction." *Id.* The court concluded the potential impact on Panda's immigration status was a collateral legal consequence, thus the matter was not moot. *Id.* at ¶ 25.

## Standard

{¶ 20} We review the trial court's judgment denying appellant's motion to withdraw plea under an abuse of discretion standard. *Francis* at ¶ 32. An abuse of discretion is more than an error of judgment or law; it occurs when the court's decision is

9.

unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## Analysis

{¶ 21} In order for appellant to be entitled to relief under R.C. 2943.031(D), he must show the following: (1) the trial court failed to give the advisement required by R.C. 2943.031(A); (2) the trial court was required to give the advisement; (3) he is not a citizen of the United States; and (4) the conviction of the offense to which he pled guilty may result in his being subject to deportation.

{¶ 22} Upon review, appellant filed a motion to withdraw plea pursuant to R.C. 2943.031(A), in which he alleged as a result of his conviction, based on an unadvised plea, he was placed in removal proceedings with the Cleveland Immigration Court. The state responded by arguing the trial court had substantially complied with Crim.R. 11(C) during the plea hearing. The state also presented arguments regarding ineffective assistance of counsel. We note Crim.R. 11(C) details the steps a trial court must follow before accepting a guilty plea in a felony case, while Crim.R. 11(D) addresses the plea process in misdemeanor cases. Further, appellant did not raise a claim of ineffective assistance of counsel. We observe that neither of the state's arguments applied to appellant's motion to withdraw plea. These arguments were not reasserted on appeal.

{¶ 23} Regarding the R.C. 2943.031 requirements, the record shows there is no dispute that appellant is not a citizen of the United States and that the trial court was required to give the advisement, but completely failed to do so. In addition, appellant

10.

informed the trial court of his possible deportation. We find appellant has satisfied the four procedural requirements for relief under R.C. 2943.031(D).

{¶ 24} With respect to the timeliness in which appellant filed his motion to withdraw plea, the trial court noted in its judgment entry that it reviewed cases addressing this issue and concluded "substance should prevail over form. Fairness to the state of Ohio and to the Defendant is the goal. Witnesses die, or move away, or cannot be located." Further, the court set forth "[t]he Defendant must show – after a three year delay in filing his motion to withdraw his guilty plea – that a manifest injustice has resulted from the court's acceptance of his plea which effectively erased two felony counts * * *." The court also observed defendant "had competent counsel who placed upon the record that he had counseled the defendant on the subject of deportation."

{¶ 25} We observe the trial court sua sponte introduced the timeliness issue, as neither appellant nor the state mentioned the timing of the filing of the motion to withdraw plea. While the court referred to the three-year delay in which appellant filed his motion, the record shows appellant filed his first motion to withdraw plea in August of 2018, but the court never ruled on that motion. Moreover, the court did not analyze when appellant filed his motion to withdraw plea (the first or second motion) in light of when appellant was notified that he was being placed in removal proceedings. Rather, the court considered the amount of time which had passed since appellant entered his plea.

11.

{¶ 26} In addition, a review of the record reveals no evidence which suggests the state's case against appellant was prejudiced due to the timing of appellant's motion to withdraw plea (the first or second motion) or that witnesses have died, moved away or cannot be located. Hence, we find appellant's motion to withdraw plea pursuant to R.C. 2943.031 was not untimely under the circumstances.

{¶ 27} Finally, we note the record shows appellant has paid his obligations and his community control has been terminated, thus he has "served his sentence." However, since appellant's immigration status is a collateral legal consequence of his criminal case, his appeal is not moot.

{¶ 28} We find appellant met the four-part showing required under R.C. 2943.031(D), and his motion was timely. We therefore conclude the trial court abused its discretion when it denied appellant's motion to withdraw plea pursuant to R.C. 2943.031. Accordingly, appellant first assignment of error is well-taken. Our disposition of this assignment of error renders appellant's second assignment of error moot.

{¶ 29} The judgment of the Sandusky County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this decision. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

12.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Gene A. Zmuda, P.J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.